### The PEOPLE *against* BIRDSALL and others.

*J. MAYNARD*, in behalf of the defendants, who were sureties for *Lewis Birdsall*, late Sheriff of *Seneca*, moved to set aside the *test. fi. fa.* issued against them; and to vacate the rule on which the execution had been issued, with costs, to be paid by *Andrew Jackson*. It appeared, that a judgment was obtained at the last term, on the bond given to the People obtained a judgment against the Sheriff, for his default, on application to the Court, is not entitled to have the amount of such judgment levied on the execution to be issued against the Sheriff and his sureties, on the judgment recovered against them on their bond, without having given previous notice to them of his motion for that purpose. *Interest* on the judgment recovered by the party, may be levied, together with the debt or damages and costs, if the judgment is such as carries interest, under the statute.

*Where a Sheriff's bond is sued, at the instance of a party, who has obtained judgment against the Sheriff for his default; another party, who has, also,*

ple by the Sheriff of *Seneca,* and the other defendants, as his sureties, under the second section of the act, concerning Sheriffs, &c. (Sess. 36. ch. 67.) And which bond had been prosecuted at the instance and on the motion of *Samuel Meeker* and *Jacob W. King.* By the *sixth* section of the act, it is declared, that in case of any recovery by any party aggrieved, against any Sheriff, for any default, &c., it shall be lawful for the Judges of this Court, upon motion in open Court, to order the bond given by the Sheriff to be put in suit against him and his sureties; and when judgment is obtained, the Court shall, on motion in open Court, direct so much to be levied thereon, as shall be sufficient to pay to the party aggrieved, his debt, &c. And that if, after judgment obtained upon such bond, any other party aggrieved, and who shall have recovered any debt or damages against such Sheriff, for any default, &c., shall apply to the Court for relief, the Court shall, upon motion in open Court, direct such further sum to be levied on such judgment, &c., as shall be sufficient to pay the debt, &c. to such party aggrieved.

On the *test. fi. fa.,* issued in the cause, was the following indorsement: "The Sheriff of the county of *Seneca* is directed, by order of this Court, to levy, on the within execution, the sum of 89 dollars and 98 cents, with interest, from the 26th of *May,* 1821; it being the amount of a judgment recovered in this Court, in favour of *Andrew Jackson* against *Lewis Birdsall,* late Sheriff of *Seneca* county, for default in his office, in 1816." The rule for leave to issue execution, and to collect the money, as indorsed on the *test. fi. fa.* was obtained in open Court, on an affidavit, stating, a recovery by *A. Jackson* against *L. Birdsall,* late Sheriff, &c. But the defendants, who were sureties for the Sheriff, had no notice of the motion. *L. B.* took the oath of office, as Sheriff, the 15th of *May,* 1816, and the bond was executed the same day. He was, again, sworn into office as Sheriff, on the 21st of *May,* 1817, but the sureties now sued, were not bail for him, during the last mentioned term.

*Maynard* said, that it was a general and well established rule, that no special motion, which was intended to subject a

party to the payment of money, or which was to operate in the nature of a final judgment, ought to be granted, without giving the party an opportunity of being heard. (*Bouton* v. *Nelson*, 3 *Johns. Rep.* 474. *Commissioners of Highways of Kinderhook* v. *Claw*, 15 *Johns. Rep.* 537.) The statute does not take away this common right; but rather implies that notice should be given.

Again : The indorsement on the execution, directs *interest* to be collected. The statute merely authorizes the collection of so much as will pay the debt or damages recovered, with costs. It is silent as to interest. In an action of debt for an escape, interest was not allowed. (*Rawson* v. *Dole*, 2 *Johns. Rep.* 454.) The sureties of a Sheriff are entitled to favour as much as any other bail.

Again : The judgment against the Sheriff is not such as will authorize an execution against the sureties. One count of the declaration is *assumpsit*, for money had and received, &c., and the other on the case. The judgment was by default, and damages were assessed generally, on a writ of inquiry; so that if the first count were proper, it is impossible to ascertain what damages were given on the first count. The second count is not for any " misconduct or default in his office," but merely for a breach of promise. It is not within the terms of the undertaking of the sureties of the Sheriff, that they are to be liable for any thing but his neglect of his official duty. The second count is, also, deficient, in not describing the process on which the Sheriff received the money, the time of the arrest, or in what manner the Sheriff has been guilty of misconduct in his office. The time laid in the second count, of the promise to pay, is in *October*, 1820, more than four years after the defendants had ceased to be bail.

*J. C. Spencer*, contra.

*Per Curiam.* As to the first point, there seems to be no settled rule of practice; but it appears to be highly reasonable and just, that there should be notice to the sureties, who may have good cause to show why execution should not issue against them. We deny the present motion, without

UTICA,
October, 1822.

costs; but we lay it down as a rule, in future, that notice must be given. We are of opinion, that *interest* may be collected on the execution, against the Sheriff and his sureties, if the judgment was such as would carry interest under the statute. We will stay the proceedings until the next term, to give the party an opportunity of producing an affidavit of merits.

*Rule accordingly.*